HAWKINS, Presiding Justice,
for the Court:
Jeaneane McBride and Stephen P. Nick appeal from judgments of the county and circuit courts of Washington County granting summary judment and assessing them with damages for filing a frivolous lawsuit against The Aetna Casualty & Surety Company. We find the court erred in granting summary judgment, and reverse.
FACTS
On December 2, 1982, Jeaneane McBride purchased from Bill Hanner, d/b/a Han-ner’s Auto Parts in Washington County, a 1980 model Cadillac automobile for the total purchase price of $8,000. She paid a down payment of $960 by check and endorsed a check in settlement of an insurance claim to Hanner, and financed the balance of $6,074.64 through the First National Bank of Greenville (which bank later merged into Sunburst Bank). On December 2, 1982, she and Hanner signed the application for a certificate of title to the vehicle on the form prescribed by the Motor Vehicle Comptroller. The application showed the bank as first lienholder. McBride executed a security agreement *975 covering the automobile with the bank as security for her debt.
Hanner at the time was bonded by The Aetna Casualty & Surety Company, it having on November 9, 1979, and pursuant to Miss.Code Ann. § 63-21-13 (Rev.1989) executed and filed with the comptroller a surety bond in the amount of $5,000 obligating itself that in event Hanner did not fulfill his duties as “designated agent” under The Mississippi Motor Vehicle Title Law it would be liable to the extent of the amount of the bond.
McBride learned in 1985 that the bank did not have a certificate of title. Under the provisions of Miss.Code Ann. § 63-21-21, the first lienholder is given the certificate of title by the comptroller, and the owner is issued a non-transferable duplicate certificate of title. McBride paid her indebtedness to the bank.
Never receiving any title, duplicate or otherwise, in 1988 McBride employed a Greenville attorney, Stephen P. Nick, to represent her. Nick inquired of the Mississippi State Tax Commission concerning McBride’s having no title, and on May 11, 1988, Gerald B. Eastland, Title Division Chief with the Commission, wrote Nick advising him that the Commission records showed no record of ever having received an application or supporting documents for a certificate of title from Hanner. The letter also informed Nick that he should “make a written demand to the Bonding Company that bonded Hanner’s Auto Parts to be a Designated Agent for titling” at the time of the application, and gave him Aet-na’s name and address, as well as the bond number.
Nick did write Aetna, who responded by letter enclosing a proposed “Certificate of Title Bond” to be executed by McBride as principal and Aetna as surety in the penal sum of $4,000, and would have been the bond authorized under the provisions of Miss.Code Ann. § 63-21-23 whereby an applicant for a certificate of title unable to furnish supporting documents can nevertheless secure such title by execution of the bond.
Nick wrote Aetna that this proposed bond was unsatisfactory, that his client wanted a certificate of title. Other correspondence between them followed, each reiterating its position, namely: Aetna being willing to execute the bond, and McBride that this was insufficient.
On November 28, 1988, McBride filed a complaint against Hanner, Aetna and Sunburst Bank in the county court of Washington County for $10,000 in damages.
Aetna answered, and following development of the above facts through pre-trial discovery, moved for summary judgment and attorney’s fees against McBride and Nick, as her attorney, for wrongful filing and pursuing the action under Miss.Code Ann. § 11-55-5(1) and Rule 11.
In January, 1989, McBride secured a default judgment against Hanner, but reserving amount of damages to proof.
The county court judge, being of the view that Aetna had fulfilled its entire obligation by offering to act as McBride’s surety in obtaining a certificate of title, granted summary judgment and attorney’s fees and costs of defending the suit. The court then rendered judgment in favor of Aetna against McBride and Nick in the amount of $3,087.85. McBride and Nick appealed to the circuit court of Washington County, which affirmed the judgment but solely as against Nick.
Nick and McBride have appealed.
LAW
The bond which Aetna executed in 1979 for $5,000 was to protect the public for damages occasioned by any default of Han-ner as a “Designated Agent” under Miss. Code Ann. § 63-21-13. By this undertaking Aetna made itself liable to any member of the public to the extent of the amount of the bond for damages resulting from failure of Hanner, as a dealer, to fulfill his statutory obligations as a dealer to furnish a buyer of a car with a clear title to the vehicle.
Upon Hanner’s failure to provide McBride with a clear title to the vehicle, he became liable to her for whatever damages *976 were caused from such failure. Aetna, as surety, was also liable up to $5,000, the amount of the bond.
Miss.Code Ann. § 63-21-28 provides:
If the comptroller is not satisfied as to the ownership of the vehicle or that there are no undisclosed security interest in it, the comptroller may accept the application but shall either:
. (a) Withhold issuance of a certificate of title until the applicant presents documents reasonably sufficient to satisfy the comptroller as to the applicant’s ownership of the vehicle and that there are no undisclosed security interest in it; or
(b) As a condition of issuing a certificate of title, require the applicant or dealer to file with the comptroller a bond in the form prescribed by the comptroller and executed by the applicant or dealer and by a person authorized to conduct a surety business in this state, or require the application to be accompanied by the deposit of cash with the comptroller. The bond or cash shall be in an amount equal to one and one-half (1½) times the value of the vehicle as determined by the comptroller and conditioned to indemnify any prior owner and lienholder and any subsequent purchaser of the vehicle or person acquiring any security interest in it, and their respective successors in interest, against any expense, loss or damage, including reasonable attorney’s fees, by reason of the issuance of the certificates of title of the vehicle or on account of any defect in or undisclosed security interest upon the right, title and interest of the applicant in and to the vehicle. Any such interested person has a right of action to recover on the bond or cash for any breach of its conditions, but the aggregate liability of the surety to all persons shall not exceed the amount of the bond or cash. The bond or cash shall be returned at the end of three (3) years unless the comptroller has been notified of the pendency of an action to recover on the bond or cash or that the vehicle does not belong to the registered owner or that it is encumbered by an undisclosed lien.
This statute is' to enable a dealer or owner, otherwise unable to provide supporting documents to secure a certificate of title from the Commission, to secure a certificate. It is to protect any other persons who have some claim of ownership in the vehicle. The applicant for the title is the principal and the surety company the surety-
Aetna in expressing its willingness to be McBride’s surety on a bond to be executed under the provisions of Miss.Code Ann. § 63-21-23 did not fulfill its obligations under the bond it executed in 1979 pursuant to Miss.Code Ann. § 63-21-13.
Hanner, not McBride, was under an obligation to furnish the Commission with all documents required to secure for her and the bank a valid certificate of title. When Hanner failed to do so, it became liable to McBride for whatever damages were occasioned because of having no certificate of title to the automobile. Aetna, as surety, likewise became liable to the extent of the bond, for any failure of Hanner which was not rectified.
It could not escape liability merely by offering to be surety on a bond to be executed by McBride as principal, any more than Hanner could have escaped liability by agreeing to act as surety under a bond with McBride as principal.
While Aetna’s prompt willingness to act as surety on a bond to be executed jointly by itself and McBride was commendable, and no doubt would have satisfied Miss. Code Ann. § 63-21-23 and secured for McBride a certificate of title, she would have had a contingent liability as principal under the bond for any damages caused to others having some claim of ownership in the car. This did not fulfill the obligations of Aetna under its 1979 bond.
The summary judgment granted by the county court and affirmed by the circuit court of Washington County was therefore in error, and this cause must be reversed.
REVERSED AND REMANDED TO THE COUNTY COURT FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.
*977 ROY NOBLE LEE, C.J., DAN M. LEE, P.J., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.