Leonard C. GETERS, Appellant,

v.

**EAGLE INSURANCE COMPANY,**
**Appellee.**

### No. A14–91–0472–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 16, 1992.

Rehearing Denied Feb. 13, 1992.

---

Steven F. Westerfield, Houston, for appellant.

Jon M. Stautberg, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and CANNON, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

This is an appeal from a summary judgment in favor of appellee, Eagle Insurance Company (Eagle Insurance). Eagle Insurance filed a declaratory judgment action regarding a claim made by appellant, Leonard Geters, against a $25,000. Texas Motor Vehicle Dealer's bond issued by appellee. Both parties filed a motion for summary judgment and the trial court granted Eagle Insurance's motion. Appellant, in a single point of error, claims that the trial court erred in granting Eagle Insurance's motion for summary judgment and awarding him only $4,776.70 against the bond. We affirm.

In April 1988, appellant bought a 1981 Chevrolet Camaro from Dorothy Wilson and Sherman Wright. Title to the Camaro was never transferred to appellant. In August 1988, appellant was arrested and jailed on the suspicion that he was driving a stolen car. The Camaro was impounded by police until evidence of title could be produced by either Dorothy Wilson or Sherman Wright. Evidence of title was never produced and the car was sold at police auction. In October 1989, appellant received a $157,607.72 default judgment on his DTPA action against Dorothy Wilson and Sherman Wright. The judgment was based on their failure to transfer good title on the Camaro to appellant, his loss of use of the car, his mental anguish, exemplary, punitive, and fraud damages. In November 1989, appellant made a claim against the full amount of Dorothy Wilson's $25,000. Texas Motor Vehicle Dealer's bond issued by Eagle Insurance. Eagle Insurance tendered full rescissionary damages to appellant plus an amount for his attorney's fees in making the bond claim. After appellant rejected that tender, Eagle Insurance filed this action for declaratory judgment against appellant. Both parties filed motions for summary judgment. The trial court granted Eagle Insurance's motion and limited appellant's recovery to only $4,776.70 in rescission damages against the bond.

Appellant, in his sole point of error, complains that the trial court erred in denying his motion for summary judgment and in granting Eagle Insurance's motion for summary judgment. He alleges that he met the condition precedent set forth in article 6686, the Texas Motor Vehicle Dealer's Bond Statute, for the payment of the bond proceeds. Therefore, appellant argues he is entitled to the full $25,000. bond amount and not just the rescissionary damages awarded by the trial court.

On appeal, appellant may properly complain about the denial of his motion for summary judgment since each party filed a motion for summary judgment, and Eagle Insurance's motion was granted while appellant's motion was denied. *See Tobin v. Garcia*, 159 Tex. 58, 63–64, 316 S.W.2d 396, 400 (1958); *Resource Sav. Ass'n v. Neary*, 782 S.W.2d 897, 903 (Tex. App.—Dallas 1989, writ denied). On appeal, each movant has the burden of proving that it is entitled to summary judgment as a matter of law and that no genuine issue of material fact exists. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d

546, 548–49 (Tex.1985). This Court in deciding if a contested material fact exists, will take as true evidence favorable to the non-movant, and resolve all inferences and doubts in favor of the non-movant. *Id.* In the instant case, both parties agree that there exist no genuine issues of material fact. The remaining question is whether the trial judge properly applied the law in granting Eagle Insurance's motion for summary judgment and in denying appellant's motion.

Article 6686(a) states in pertinent part: (vii) In addition to other requirements provided by law, the Department may not issue or renew a general distinguishing number as a motor vehicle dealer to an applicant until the applicant shows proof satisfactory to the Department that the applicant has purchased a properly executed surety bond in the amount of $25,000.00.... The bond shall be ... conditioned on ... the applicant's transfer of good title to each motor vehicle the applicant offers for sale....

\*   \*   \*   \*   \*   \*

Recovery against the bond ... may be made by a person who obtains a judgment against a dealer assessing damages and attorney's fees for an act or omission on which the bond is conditioned....

TEX.REV.CIV.STAT.ANN. art. 6686(a)(1–A)(vii) (Vernon Supp.1991). The terms of the bond in question guarantee any judgment assessing damages against the dealer who has refused or failed to transfer good title to a consumer. Additionally, the bond obligation of Eagle Insurance, as surety, is open to or cumulative of all consumer claims against its principal up to the $25,000. face amount of the bond.

■ A surety's liability on its bond is usually determined by the language of the bond. *Howze v. Surety Corp.,* 584 S.W.2d 263, 266 (Tex.1979). A review of the bond terms and the legislative history of the bond statute, indicates that the purpose of this bond is to protect successive claimants and satisfy multiple judgments against the dealer. The successive claimants' contractual damages are recoverable under the bond up to the face amount of the bond.

In this manner, consumers damaged by "an act or omission on which the bond is conditioned" have a source from which to recover their contractual rescissionary damages. *See* TEX.REV.CIV.STAT.ANN. art. 6686(a)(1–A)(vii) (Vernon Supp.1991). The purpose of the bond is clearly not to protect only the fortunate consumer who is the first to obtain a judgment and file against the bond for recovery of extracontractual, as well as, contractual damages. The bond statute was not enacted to provide a source of recovery for consumers who receive large tort or DTPA damage awards including punitive and exemplary damages.

Recovery against the bond should put the consumer in the position he would have been in had he purchased the car and received good title to it. The consumer should receive the value of the car purchased out of the bond proceeds. The trial court properly awarded appellant only his rescissionary damages. We overrule appellant's point of error.

Appellee raises two cross-points on appeal. Because of our disposition of appellant's point of error, we do not need to address appellee's cross-point of error two. In cross-point of error one, appellee complains that the trial court erred in denying it an award of attorney's fees under TEX. CIV.PRAC. & REM.CODE ANN. § 37.009 (Vernon 1986).

■ "The award of attorney's fees in a declaratory judgment action is discretionary" with the trial court. *United Interests, Inc. v. Brewington, Inc.,* 729 S.W.2d 897, 906 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.); TEX.CIV.PRAC. & REM.CODE ANN. § 37.009 (Vernon 1986). The trial court did not award either party attorney's fees but determined that each party should pay its own attorney's fees. We overrule appellee's cross-point of error one.

The summary judgment of the trial court is affirmed.