Leonard G. GETERS, Petitioner,

v.

EAGLE INSURANCE COMPANY,
Respondent.

No. D–2228.

Supreme Court of Texas.

June 24, 1992.

Rehearing Overruled Sept. 9, 1992.

Steven F. Westerfield, Houston, for petitioner.

Jon Stautberg, Houston, for respondent.

PER CURIAM.

We determine that recovery against a motor vehicle dealer's bond is not restricted to rescission damages.

Leonard Geters purchased a used car, but because the dealer never transferred title to him, he was arrested and jailed on suspicion of driving a stolen vehicle. The car was impounded and later sold at police auction.

Geters brought suit against Dorothy Wilson and Sherman Wright, the owners of the selling dealership, for breach of contract and violation of the Texas Deceptive Trade Practices—Consumer Protection Act, Tex.Bus. & Com.Code §§ 17.41–.63. After obtaining a default judgment for $157,607,[1] he sought to collect against the motor vehicle dealer's bond issued by Eagle Insurance Company to Wilson and Wright.

Eagle brought a declaratory judgment action to determine whether its maximum liability was the face amount of the bond or the purchase price of the vehicle. The trial court, on motion for summary judgment, declared that recovery on the bond was limited to rescission damages of $4,776. The court of appeals affirmed. 824 S.W.2d 664.

1. The judgment awarded approximately $52,000 in actual damages, $2,500 in attorney's fees and $103,000 in additional damages.

■ The liability of a surety is determined by the language of the bond itself. *Howze v. Surety Corp. of America*, 584 S.W.2d 263, 266 (Tex.1979). A statute mandating a bond is made part thereof and is controlling. *Id.* The Texas Motor Vehicle Dealer's Bond Statute, Tex.Rev.Civ. Stat.Ann. art. 6686(a)(1–A)(vii) (Vernon Supp.1992), provides:

[T]he Department may not issue or renew a general distinguishing number as a motor vehicle dealer ... until ... the applicant has purchased a properly executed surety bond in the amount of $25,-000.... The bond ... shall be conditioned on the ... applicant's transfer of good title to each motor vehicle the applicant offers for sale.... Recovery against the bond or other security may be made by a person who obtains a judgment against a dealer ... assessing damages and attorney's fees for an act or omission on which the bond is conditioned....

The statute thus permits recovery of damages and attorney's fees for a failure to transfer good title.

■ The term "damages" is undefined in the act. In interpreting a statute, however, we give words their ordinary meaning. Tex.Gov't Code § 312.002(a). "Damages" are defined as "compensation in money imposed by law for loss or injury." Webster's Ninth New Collegiate Dictionary 323 (1989). Neither the statute itself nor the common meaning restrict use of the term to a particular type of damage award. When the Legislature has intended such limitations, it has included them in the statute. *See, e.g.*, Tex.Rev.Civ.Stat.Ann. art. 5221*l* § 10(a) (Vernon Supp.1992) (recovery under bond limited to unused or unearned dues of health spa members).

■ The lower courts thus erred in interpreting article 6686 to limit recovery against a motor vehicle dealer's bond to rescission damages. When damages are awarded for failure to deliver title, whether under the common law or the DTPA, they are recoverable against the bond.

Pursuant to Texas Rule of Appellate Procedure 170, without hearing oral argument,

a majority of this court grants Geter's application for writ of error, reverses the judgments of the court of appeals and the trial court and remands this case to the trial court for consideration of Geter's counterclaim.