Juan E. IBARRA and San Juana Ibarra, Appellants,

v.

DIVERSIFIED SERVICES, Josie M. Alcala, Lydia D. Mendoza and Salvador V. Mendoza, Appellees.

No. 07–93–0459–CV.

Court of Appeals of Texas, Amarillo.

Aug. 5, 1994.

West Texas Legal Services (Wayne Dunkel, Cynthia R. Davidson), Plainview, for appellants.

Gary E. Parks, Houston, for appellees.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

DODSON, Justice.

Appellants, Juan E. Ibarra and San Juana Ibarra, filed suit against appellees, Diversified Services, Josie M. Alcala, Lydia D. Mendoza, and Salvador V. Mendoza (collectively referred to as the appellees) for violation of the Texas Consumer Credit Code (the Code), fraud, breach of fiduciary duty, and wrongful foreclosure. After a bench trial, the court rendered a take nothing judgment against the Ibarras. We reverse and remand.

In six points of error, the Ibarras contend the trial court erred in (1, 3, 4 & 5) failing to find that the Retail Installment Contract and the Mechanic's and Materialmen's Lien Contract with Power of Sale violated article 5069–6.05(7) of the Code, as a matter of law, by providing a first lien on their property; that Alcala breached her fiduciary duty as substitute trustee; that Diversified Services, Salvador, and Alcala defrauded them by notarizing and filing a copy of the Substitute Trustee's Deed subsequent to the date it was signed; and that Lydia violated her duty as a notary by notarizing a copy of the Substitute Trustee's Deed subsequent to the day it was signed; (2) finding that the Defendants properly foreclosed on their property; and (6) allowing their new trial motion to be overruled by operation of law.[1]

The undisputed facts show that this suit arises out of a Retail Installment Contract and a Mechanic's and Materialmen's Lien Contract with Power of Sale executed on August 28, 1979. Under these two contracts, the Ibarras agreed to pay Exterior Designers $4,800.00 plus a finance charge of

---

1. All references to article 5069–6.05(7) of the Code are to the Act of April 19, 1977, 65th Leg., R.S., ch. 104, § 1, 1977 Tex.Gen.Laws 212 amended by Act of April 22, 1981, 67th Leg., R.S., ch. 111, § 18, 1981 Tex.Gen.Laws 271, 284–85.

$1,893.12 for the installation of steel siding, insulation, storm doors, storm windows, and shutters for their home in Floydada, Texas. The total amount of $6,693.12 was to be paid in 84 monthly installments of $79.68, and the Retail Installment Contract discloses that the annual percentage rate was 10 percent.

Pursuant to the contracts, Exterior Designers obtained a first lien upon the property and the improvements made thereon. Eventually, the Retail Installment Contract was assigned to Diversified Services and the property was sold at a foreclosure sale pursuant to a deed of trust on March 3, 1987. No findings of fact or conclusions of law were requested or filed.

By their first point of error, the Ibarras contend the contracts violate article 5069–6.05(7) of the Code, as a matter of law, by providing a first lien on their property. We agree.

The purpose behind enacting the Code was "to protect the citizens of Texas from abusive and deceptive practices now being perpetrated by unscrupulous operators, lenders and vendors in both cash and credit consumer transactions." Tex.Rev.Civ.Stat.Ann. art. 5069 Declaration of Legislative Intent (Vernon 1987). The version of article 5069–6.05(7) of the Code in effect on the date the contracts were executed provides in relevant part:

No retail installment contract or retail charge agreement shall: ...

(7) Provide for or grant a first lien upon real estate to secure such obligation, except, (a) such lien as is created by law upon the recording of an abstract of judgment or (b) such lien as is provided for or granted by a contract or series of contracts *for the sale or construction and sale of a structure to be used as a residence* so long as the time price differential does not exceed an annual percentage rate of 10 percent. (Emphasis added).

Act of April 19, 1977, 65th Leg., R.S., ch. 104, § 1, 1977 Tex.Gen.Laws 212, 212 (amended 1981). *See* Tex.Rev.Civ.Stat.Ann. art. 5069–6.05(7) (Vernon 1987).

By this provision, the Texas Legislature prohibited the granting of first liens on real estate to secure obligations under retail installment contracts. The exceptions to this rule were twofold. First, a first lien could be obtained pursuant to a retail installment contract if the lien was created by law upon the recording of an abstract of judgment. Second, materialmen could obtain a first lien by contract only for the sale or construction and sale of a residence and, then, only where the time price differential did not exceed an annual percentage rate of 10 percent.

The appellees do not contest whether the lien created under the contracts was a first lien on the property. They merely claim the lien was valid under the second exception to article 5069–6.05(7) of the Code. In this vein, the appellees contend the lien was valid because the time price differential disclosed in the retail installment contract did not exceed a 10 percent annual percentage rate. In support of this argument, the appellees' reliance on *Enell Corp. v. Longoria,* 834 S.W.2d 132 (Tex.App.—San Antonio 1992, writ denied) is misplaced.

There, the court determined that a retail installment contract entered into for home improvements and providing for a first lien on the home violated article 5069–6.05(7) of the Code. In making this determination, the *Enell* court premised its decision on the basis that the annual percentage rate was sixteen percent. Consequently, the court did not decide whether the retail installment contract was a contract for the sale or construction and sale of a residence.

Here, however, the Retail Installment Contract provides that the annual percentage rate was ten percent. Thus, unlike the *Enell* court, we must decide whether the contract was for the sale or construction and sale of a residence.

In that regard, the purpose of the instant contract was to procure the installation of steel siding, insulation, storm doors, storm windows, and shutters for the Ibarras' home. Thus, the Retail Installment Contract was not for the sale or construction and sale of a residence but for home improvements. Under these circumstances, the Retail Installment Contract does not come under the exception to article 6059–6.05(7) because no exception exists for retail installment home

improvement contracts creating first liens on real estate. To rule otherwise would violate the rule that provides we should give statutory words their ordinary meaning. Tex.Gov't Code Ann. § 312.002(a) (Vernon 1988); *Geters v. Eagle Ins. Co.*, 834 S.W.2d 49, 50 (Tex.1992). Point one is sustained.

By their remaining points of error, the Ibarras raise questions, which, if sustained, would entitle them only to a reversal of the judgment and an order remanding the cause to the trial court. Consequently, because sustaining the first point of error will require us to reverse and remand, a resolution of points two through six is unnecessary to the disposition of this appeal. Tex.R.App.P. 90(a). Furthermore, the record does not show the amount of damages to which the Ibarras are entitled.

Accordingly, we reverse the judgment and remand the cause to the trial court.