**Janette B. MARTIN, Appellant,**

v.

**Julia R. LOVORN, Appellee.**

**No. 14–96–01137–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 8, 1998.

John Harold Risley, James T. Liston, Houston, for appellant.

Julia R. Lovorn, Houston, Edward C. Sunday, Woodlands, for appellee.

Before MURPHY, C.J., and HUDSON and SEARS * JJ.

## OPINION

MURPHY, Chief Justice.

This is an appeal from a summary judgment in a declaratory judgment suit. Appellee, Julia R. Lovorn, ("Lovorn"), brought a declaratory judgment action against appellant, Janette B. Martin ("Martin"), to establish her right to attorney's fees awarded in an underlying suit in which she represented Martin. Martin filed a counterclaim for a declaratory judgment. After considering cross motions for summary judgment, the trial court entered judgment in favor of Lovorn and denied additional attorney's fees to either party. In two points of error, Martin contends: (1) the trial court erred in awarding the attorney's fees from the underlying

suit to Lovorn, and should have, conversely, awarded the fees to her; and (2) the trial court should have awarded her additional attorney's fees for maintaining her own representation in the declaratory action. Lovorn also appeals the trial court's denial of attorney's fees for maintaining representation in the declaratory judgment suit. We reverse and render judgment for Martin on her first point of error, and affirm the trial court's denial of additional attorney's fees.

### Discussion

Martin, represented by Lovorn, won a judgment in a sexual harassment/discrimination case under a cause of action provided in 42 U.S.C. § 1981 and 42 U.S.C. § 2000e. The judgment awarded Martin damages in two components: (1) $23,168 for mental anguish, emotional pain and suffering, loss of insurance benefits, back pay, and future pecuniary losses; and (2) $41,500 for attorney's fees.

On agreeing to represent Martin, Lovorn entered a contingency-fee contract. The following fee provision was set out in the contract:

2. The Client agrees to pay and hereby assign to the Attorney as compensation for her services as follows:

    a.) 33 1/3% before suit is filed;

    b.) 40% after suit is filed; or

    c.) 50% if the case is appealed,

out of any and all recovery obtained on behalf of the Client which is obtained by settlement or compromise of the Client's claim before or after legal litigation is filed, whether actually tried or not.

After Martin won the judgment, Lovorn filed a declaratory judgment action to establish her right to the $41,500 amount awarded for attorney's fees, plus post-judgment interest. Martin counterclaimed for a declaratory judgment, asserting Lovorn was only entitled to forty percent of Martin's total recovery of $64,668, plus post-judgment interest. Taking into account post-judgment interest, the dis-

* The Honorable Ross A. Sears sitting by assign-    ment.

puted amount was $18,140.46.[1] The trial court granted summary judgment in favor of Lovorn.

In her first point of error, Martin argues the trial court erred in granting summary judgment for Lovorn and in denying her motion for summary judgment. We only review whether the trial court erred in its interpretation and application of the law because the facts are undisputed. *See State Farm Fire & Cas. Co. v. Reed,* 826 S.W.2d 659, 661 (Tex.App.—Houston [14th Dist.] 1992), *aff'd,* 873 S.W.2d 698 (Tex.1993); *Geters v. Eagle Ins. Co.,* 824 S.W.2d 664, 665–66 (Tex.App.—Houston [14th Dist.] 1992), *rev'd on other grounds,* 834 S.W.2d 49 (Tex.1992).

■ We agree with Martin that she should have been granted summary judgment. In *Venegas v. Mitchell,* the United States Supreme Court addressed the relationship between a party and attorney for fees generated by civil rights litigation.[2] *See* 495 U.S. 82, 85, 110 S.Ct. 1679, 1681, 109 L.Ed.2d 74 (1990). In discussing the possessory right to court awarded attorney's fees in civil rights litigation, the Supreme Court held "it is the party's entitlement to receive the fees in the appropriate case," and expressly rejected the argument "that the entitlement to a § 1988 award belongs to the attorney rather than the plaintiff." *Id.* at 87, 89, 110 S. Ct. at 1682, 1683 (citing *Evans v. Jeff D.,* 475 U.S. 717, 730–32, 106 S.Ct. 1531, 1538–40, 89 L.Ed.2d 747 (1986)). The Supreme Court further held

> § 1988 controls what the losing defendant must pay, not what the prevailing plaintiff must pay his lawyer. What a plaintiff may be bound to pay and what an attorney is free to collect under a fee agreement are not necessarily measured by the "reasonable attorney's fee" that a defendant must

pay pursuant to a court order. Section 1988 itself does not interfere with the enforceability of a contingent-fee contract. *Id.* at 90, 110 S.Ct. at 1684.

Lovorn cites the United States Supreme Court decision *Blanchard v. Bergeron,* as well as other federal cases, to support her contention that attorney's fees in civil rights cases are awarded to compensate the attorney for the time spent in litigation. *See* 489 U.S. 87, 92, 109 S.Ct. 939, 943, 103 L.Ed.2d 67 (1989); *Library of Congress v. Shaw,* 478 U.S. 310, 313, 106 S.Ct. 2957, 2960, 92 L.Ed.2d 250 (1986); *City of Riverside v. Rivera,* 477 U.S. 561, 574–75, 106 S.Ct. 2686, 2694, 91 L.Ed.2d 466 (1986); *Islamic Ctr. of Miss., Inc. v. Starkville, Miss.,* 876 F.2d 465, 470 (5th Cir.1989). The Supreme Court expressly rejected this contention in *Venegas,* however, and clarified *Blanchard*'s holding as to the relationship between the party, attorney, and the statutory awarded attorney's fees: "*Blanchard* did not address contractual obligations of plaintiffs to their attorneys; it dealt only with what the losing defendant must pay the plaintiff." *See Venegas,* 495 U.S. at 88–89, 110 S.Ct. at 1683. Furthermore, the *Blanchard* court itself explained "[t]hat a nonprofit legal services organization may contractually have agreed not to charge *any* fee of a civil rights plaintiff does not preclude the award of a reasonable fee to a prevailing party ... calculated in the usual way." *Blanchard,* 489 U.S. at 95, 109 S.Ct. at 945.

Lovorn attempts to distinguish the *Venegas* holding on its facts. In *Venegas,* the statutory attorney's fees were less than the potential fee under a contingent fee arrangement, and the issue concerned the ability of the attorney to receive not only the statutory fee, but also the difference between the fee

---

1. The disputed amount does not actually represent the difference between the $41,500, plus interest, Lovorn claimed and forty percent of $75,043.12, the total recovery after including all post-judgment interest. Martin subtracted an additional $1,853.29, for actual expenses and costs incurred by Lovorn, from her claimed sixty percent of the overall award. The contract between Martin and Lovorn provided for the reimbursement of these expenses and costs.

2. In *Venegas,* the Supreme Court analyzed the right to fees awarded under 42 U.S.C. § 1988, as well as contingent fees for a 42 U.S.C. § 1983 cause of action. *See* 495 U.S. at 84–88, 110 S.Ct. at 1681–83. While Martin brought suit under a different civil rights' cause of action, 42 U.S.C. § 1981, the awarding of and rights to attorney's fees are guided by the same considerations. *See* 42 U.S.C. § 1988; 42 U.S.C. § 2000e(5); *Blanchard v. Bergeron,* 489 U.S. at 88, 91, 92 n. 5, 109 S.Ct. at 941, 943 n.5 (1989).

and the amount constituting the agreed-upon contingency fee. *See Venegas*, 495 U.S. at 84–85, 110 S.Ct. at 1681–82. While we agree this is a distinction, the Supreme Court's holdings on the possessory right to the statutory award and the continued enforceability of a contingency-fee contract were not limited to the facts of the case. *See id.* at 90, 110 S.Ct. at 1684.

Lovorn also seeks to support her claim that she is entitled to the statutory attorney's fees by noting the purpose of such awards is to attract and compensate counsel. Although this is an accurate description of Congressional intent in providing for attorney's fees recovery in civil rights litigation, see *City of Riverside v. Rivera*, 477 U.S. 561, 576–78, 106 S.Ct. 2686, 2695–96, 91 L.Ed.2d 466 (1986), this purpose does not override the contract agreed upon by Lovorn and Martin. *See Venegas*, 495 U.S. at 89–90, 110 S.Ct. at 1683–84. Moreover, we do not believe our holding will do harm to Congress's purpose because parties and attorneys retain the ability to make other contractual arrangements. For example, the Supreme Court upheld a party-attorney contract in *Venegas* that entitled the attorney to collect the statutory award *and* any additional amounts covered by the contingency-fee arrangement. *See id.* at 84, 90, 110 S.Ct. at 1681, 1684.

■ Having recognized the *Venegas* decision controls the dispensation of the attorney's fees at issue, we must look to the agreement between Martin and Lovorn to determine the entitlement to the disputed amount. "The language in the agreement should be given its plain grammatical meaning unless it definitely appears that the intention of the parties would be defeated by such meaning." *Biaza v. Simon*, 879 S.W.2d 349, 356 (Tex.App.—Houston [14th Dist.] 1994, writ denied). The unambiguous wording of the contract clearly entitles Martin to the $18,140.46.

■ Lovorn contends that the words "any and all recovery obtained on behalf of the Client" limit Martin to the damage award

amount. We do not interpret these words so narrowly, and we believe the *Venegas* decision, with the holding *parties*, not their attorneys, are entitled to attorney's fees, clearly supports the proposition that attorney's fees awarded in civil rights legislation are "obtained on behalf of the client." *See Venegas*, 495 U.S. at 89, 110 S.Ct. at 1683; *Evans v. Jeff D.*, 475 U.S. 717, 731–32, 106 S.Ct. 1531, 1539–40, 89 L.Ed.2d 747 (1986). Furthermore, Lovorn does not allege a factual dispute about the parties' intent in including this provision in the contract.

■ Lovorn also argues she is entitled to the disputed amount under an implied promise by Martin to pay her the statutory award. Lovorn does not allege, as a question of fact, such a promise existed between Martin and her, but bases her contention on the Supreme Court's statement in *Venegas* that "[i]t is likely that in many, if not most, cases a lawyer will undertake a civil rights case on the express or implied promise of the plaintiff to pay the lawyer the statutory award, *i.e.*, a reasonable fee, if the case is won." *See Venegas*, 495 U.S. at 86, 110 S.Ct. at 1682. We reject Lovorn's argument because the Supreme Court's statement is obviously a description of a state of affairs, not a holding creating an implied promise, as a matter of law, to pay an attorney the statutory award.

■ Finally, Lovorn contends awarding the fees to Martin will cause a violation of rule 5.04 of the Texas Disciplinary Rules of Professional Conduct, which provides "[a] lawyer or law firm shall not share or promise to share legal fees with a non-lawyer." *See* TEX. DISCIPLINARY R. PROF. CONDUCT 5.04(a) (1989), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. (Vernon Pamph. 1997) (STATE BAR RULES art. X, § 9). Under *Venegas*, however, Lovorn is not sharing the awarded legal fees because they belong to Martin, and Lovorn's proper legal fees are based on the contingency arrangement. Moreover, Lovorn never promised to share legal fees with Martin.[3]

---

3. By raising this contention, Lovorn appears to have misinterpreted the purpose of rule 5.04. The principal reasons behind the rule "are to prevent solicitation by lay persons of clients for lawyers and to avoid encouraging or assisting nonlawyers in the practice of law." TEX. DISCIPLINARY R. PROF. CONDUCT 5.04 cmt. 1 (1989). Neither of these situations is at issue in this case.

For the foregoing reasons, we reverse the ruling that Lovorn is entitled to the disputed $18,140.46 and render judgment in favor of Martin for that amount.

The trial court's judgment also denied an award of attorney's fees to either party for representation in the declaratory judgment suit. In her second point of error, Martin argues she should be awarded attorney's fees for maintaining her representation in the declaratory judgment action. Section 37.009 of the Texas Civil Practice and Remedies Code provides "[i]n any proceeding under this chapter, the court *may* award costs and reasonable and necessary attorney's fees as are equitable and just." TEX. CIV. PRAC. & REM.CODE ANN. § 37.009 (Vernon 1997) (emphasis added). The award of attorney's fees under section 37.009 is discretionary with the trial court, and we will reverse only upon a showing of abuse of discretion. *See Georgiades v. Di Ferrante,* 871 S.W.2d 878, 882 (Tex.App.—Houston [14th Dist.]· 1994, writ denied). Martin does not demonstrate how the trial court's denial of attorney's fees was an abuse of discretion. Her second point of error is overruled.

Originally, Lovorn also appealed the trial court's denial of attorney's fees for maintaining representation in the declaratory action. She waived this contention at oral argument, however, and we, accordingly, overrule her point of error.

The trial court's judgment as it pertains to the awarding of attorney's fees in the declaratory judgment suit is affirmed.

### Conclusion

We reverse the trial court's entry of summary judgment in favor of Lovorn, and we render judgment in favor of Martin for $18,140.46. We affirm, however, the trial court's denial of attorney's fees to Martin and Lovorn for maintaining their representation in the declaratory judgment suit.