11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

J. C. Sheppard and W. D.
Sheppard

Appellants

Vs.                   No.  11-01-00105-CV B 
Appeal from Dallas County

5-Star Toxicological
Analysis & Consulting

Appellee

 

5-Star
Toxicological Analysis & Consulting (5-Star) sued Wentworth Carter in the
Justice of the Peace Court in Dallas County. 
Carter appealed the $4,396.00 judgment entered against him and filed an
appeal bond. J. C. and W. D. Sheppard were sureties on the appeal bond dated
August 26, 1998.

Wentworth
Carter was killed in a car accident while his appeal was pending.  His widow, Norma J. Carter, as the
independent executor of his estate, substituted herself in the suit.  Later, Norma, as executor, entered into an
Agreed Judgment with 5-Star for $6,000.00. 
5-Star=s attempts to collect its judgment from
Carter=s estate were unsuccessful.  

In this
case, 5-Star sued the Sheppards, the sureties on the appeal bond for
Carter,  in County Court at Law No. 2 in
Dallas County seeking the amount of the agreed judgment as well as attorney=s fees and costs.  The Sheppards filed a plea to the jurisdiction and an
answer.  5-Star filed a traditional
motion for summary judgment.  While the
motion for summary judgment was pending, the Sheppards filed a plea in
abatement and motion to transfer.  The
trial court denied the Sheppards= plea to the jurisdiction, plea in abatement, and motion to transfer
and granted 5-Star=s
Motion for Summary Judgment for $6,930.93 and post-judgment interest and
attorney=s fees. 
The Sheppards appeal.  We affirm.








In their
first issue, the Sheppards assert that the trial court erred in overruling
their plea to the jurisdiction.  The
Sheppards argue that the trial court did not have jurisdiction over the subject
matter of this lawsuit because the outcome of the first lawsuit, between 5-Star
and Carter=s estate, 
involved matters Aincident to an estate@; and, pursuant to the Texas Probate Code, this lawsuit between 5-Star
and the Sheppards was required to be tried in the probate court.  We disagree.  

Probate
courts may hear all suits, actions, and applications filed against or on behalf
of any heirship proceeding or decedent=s estate.  TEX. PROB. CODE ANN. ' 5A (Vernon Supp. 2002).  Consequently, the probate court would  have had concurrent jurisdiction,  not exclusive jurisdiction, over this suit.  The Sheppards= first issue is overruled.

In their
fourth issue, the Sheppards assert that the trial court erred in denying their
motion to transfer.  TEX.R.CIV.P. 86
provides that an objection to improper venue is waived if not made by written
motion filed prior to, or concurrently with, any other plea, pleading, or
motion.  The Sheppards filed their
answer on February 7, 2000, and their motion to transfer on December 8, 2000.
The motion was not timely.  The
Sheppards have waived any complaints about venue.

Also, in
this fourth issue, the Sheppards complain that the trial court abused its
discretion in denying their plea in abatement.  After 5-Star filed this suit against the Sheppards, the Sheppards
initiated a separate suit against Carter=s estate seeking to recover the amount of the agreed judgment. The
Sheppards sought an abatement of this case until the conclusion of their suit
against the estate.  Assuming, without
agreeing that these two suits involve the same subject matter, the court with
the first-filed case has dominant jurisdiction and should proceed, and the
other cases should abate.  Perry v. Del
Rio, 66 S.W.3d 239, 252 (Tex.2001); Wyatt v. Shaw Plumbing Company, 760 S.W.2d
245, 247 (Tex.1988).  The trial court
did not abuse its discretion.  The
Sheppards= fourth issue is overruled.








In their
second and third issues, the Sheppards assert that the trial court erred in
granting 5-Star=s Motion for Summary Judgment.  When reviewing a traditional motion for
summary judgment, the following standards apply:  (1) the movant for summary judgment has the burden of showing
that there is no genuine issue of material fact and that it is entitled to
judgment as a matter of law; (2) in deciding whether there is a disputed
material fact issue precluding summary judgment, evidence favorable to the
non-movant will be taken as true; and (3) every reasonable inference must be
indulged in favor of the non-movant and any doubts resolved in its favor.  TEX.R.CIV.P. 166a; Goswami v. Metropolitan
Savings and Loan Association, 751 S.W.2d 487, 491 (Tex.1988); Nixon v. Mr.
Property Management Company, Inc., 690 S.W.2d 546, 548-49 (Tex.1985); City of
Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 676 (Tex.1979).

The bond
at issue reads: 

WHEREAS, in Cause No. JS-9800281N, styled as
above, tried before the Honorable Robert A. Foreman, a Justice of the Peace of
Dallas County, Texas, judgment was rendered in favor of 5-Star Toxicological
Analysis, Plaintiff, and against Wentworth Carter, Defendant, for damages in
the sum of $4,396.00 and all costs of the Court, from which judgment Wentworth
Carter desires to appeal to the County Court of Dallas County, Texas and

 

WHEREAS, Appellant desires to suspend
execution of said judgment pending determination of such appeal

 

NOW, THEREFORE, WE, Wentworth Carter, as
principal, and J.D. Sheppard and Wallace D. Sheppard, two good and sufficient
sureties, as surety, acknowledge ourselves bound to pay to 5-Star Toxicological
Analysis, obligee, the sum of $8,793.00, conditioned, however, that the
above-named principal shall prosecute the appeal with effect and shall pay off
and satisfy the judgment that may be rendered against him on appeal. 

 

The county
court at law had jurisdiction over the lawsuit.  TEX.R.CIV.P. 152 specifically provides that, when a defendant
dies, the suit shall proceed against the administrator or executor. There is a
valid judgment in the record.  Paul A.
Hoffman, 5-Star=s attorney, testified in an affidavit
attached to the motion for summary judgment that he made demands on the Estate
of  Carter and on the Sheppards but that
the judgment remains unsatisfied.  There
is no evidence in the record controverting these facts.     

The
Sheppards urge Lawyers Surety Corporation v. Riverbend Bank, N.A., 966 S.W.2d
182, 188 (Tex.App. B Fort
Worth 1998, no pet=n),
for the proposition that entering into an agreed judgment that alters the terms
of a statutory judgment bond without the surety=s consent is a type of fraud or collusion by the principal and creditor
and, consequently, are not liable on the bond. 
The Sheppards urge that Norma, as executor, by agreeing to a judgment, did
not Aprosecute the appeal with effect.@  We
disagree.








In this
case, unlike Lawyers Surety Corporation,  the agreed judgment did not alter the terms of the bond.  See Howze v. Surety Corporation of America,
584 S.W.2d 263 (Tex.1979).  Liability is
determined by the language of the bond itself. 
Geters v. Eagle Insurance Company, 834 S.W.2d 49, 50 (Tex.1992); Howze
v. Surety Corporation of America, supra at 266.  The sureties are liable to any judgment rendered in the cause
within the limit of their obligation. 
The language of the bond provides that the Sheppards, as sureties, Ashall pay off and satisfy the judgment that
may be rendered against [Carter=s estate] on appeal.@  Summary judgment was
appropriate.  The Sheppards= second and third issues are overruled.

The
judgment of the trial court is affirmed.

 

W. G.
ARNOT, III

CHIEF
JUSTICE

May 16, 2002

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.