Affirmed and Memorandum Opinion filed January 30, 2003









Affirmed and Memorandum Opinion filed January 30,
2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-02-00152-CV

____________

 

SCOTT FLANAGAN D/B/A JEFFERSON AVENUE AUTO SALES,
Appellant

 

V.

 

REDLAND INSURANCE COMPANY,
Appellee

 



 

On
Appeal from the County Civil Court at Law No. 1

Harris County, Texas

Trial
Court Cause No. 740,955

 



 

M
E M O R A N D U M  O P I N I O N

Appellant
Scott Flanagan d/b/a Jefferson Avenue Auto Sales sued appellee Redland
Insurance Company in its capacity as surety on the bond of J & S
Automotive, an automobile dealer licensed in the State of Mississippi.  The trial court granted appellee=s
motion for summary judgment and denied appellant=s cross motion for summary judgment on the issue of the
reasonableness of attorneys fees sought. 
In two issues, appellant argues that: (1) the trial court erred in
granting appellee=s motion for summary judgment because the claim is covered
under the bond; and (2) the trial court erred in overruling appellant=s
motion for summary judgment on the issue of attorneys fees.  We affirm.








FACTUAL
BACKGROUND

Appellant
is a licensed wholesale used car dealer in Harris County, Texas.  This lawsuit arises from a business
transaction between appellant and Sammy Coker, a licensed Mississippi
automobile dealer doing business under the assumed name J & S Automotive.  In order to comply with Mississippi statutory
law, J & S is required to enter into a bond with a surety company
conditioned on the faithful performance of its duties.  Appellee is a surety company based in
Arlington, Texas and incorporated under the laws of Iowa.  The company is authorized to do business in
the State of Mississippi.  In November of
1998, Redland executed and filed with the Mississippi Comptroller a surety bond
in the amount of $15,000 obligating itself that in the event that J & S did
not fulfill its duties as a ADesignated Agent@ under The Mississippi Motor Vehicle Title Law it would be
liable to the extent of the amount of the bond to any member of the public for damages
resulting from such failure.  The
relevant provisions of the surety agreement state:

Whereas,
the Principal has been duly appointed a ADesignated
Agent@ as provided
for in Section 6, Senate Bill 1688, Laws of 1968 known as The Mississippi Motor
Vehicle Title act, and such ADesignated
Agent@ is required to
furnish this bond. . . . THE CONDITION OF THIS OBLIGATION IS SUCH, that if the
aforesaid Principal shall well and faithfully perform his duties as such ADesignated
Agent@ then, this
obligation shall be void, otherwise to remain in full force and effect.

 








In
his original petition, appellant avers that a J & S representative offered
to purchase six automobiles by means of a signed envelope draft.[1]  Accepting the proposal, appellant released
possession of the vehicles and placed the certificates of title in the
individual drafts and deposited them in his bank for collection.  Discovering shortly thereafter that the
institution named on the drafts did not exist, appellant contacted the
authorities, who were able to recover all but one of the vehicles.  Using the title from the envelope draft,
J&S sold the sixth vehicle to Po Boy Motors, which filed suit against both
J&S and appellant when law enforcement agents seized the vehicle it had
purchased.  That litigation resulted in
an award of the vehicle to Po Boy Motors and a judgment in appellant=s
favor against J&S for $12,000 in damages. 
After appellee refused to pay the claim, appellant filed the underlying
lawsuit.

STANDARD
OF REVIEW

The
standards for reviewing a motion for summary judgment are well
established.  See Nixon v. Mr. Prop.
Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985). 
To prevail on a traditional summary judgment motion, a movant must show
that no genuine issue of material fact exists and that it is entitled to
judgment as a matter of law. Tex. R.
Civ. P. 166a(c).  When reviewing a
summary judgment, we take as true all evidence favorable to the non‑movant,
and we indulge every reasonable inference and resolve any doubts in the non‑movant=s
favor.  Sci. Spectrum, Inc. v.
Martinez, 941 S.W.2d 910, 911 (Tex. 1997). When both parties move for
summary judgment, we review the summary judgment evidence presented by both
sides.  Commissioners Court v. Agan,
940 S.W.2d 77, 81 (Tex. 1997). When the trial court grants one party=s
motion and denies the other=s, the non‑prevailing party can appeal both the summary
judgment rendered against it, and the denial of its own motion.  Holmes v. Morales, 924 S.W.2d 920, 922
(Tex. 1996).

THE
BOND CLAIM








First,
we address whether the trial court erred in granting appellee=s
motion for summary judgment.  The
construction of a surety agreement is a question of law for the court.  G.H. Bass Co. v. Dalsan Properties‑Abilene,
885 S.W.2d 572, 576 (Tex.
App.CDallas
1994, no writ).  Because the Mississippi
Legislature has seen fit to require that motor vehicle dealers carry this bond,
appellee characterizes the bond in question as a statutory bond.  When a bond is statutorily mandated, the
statute is necessarily part of the bond and, thus, controlling.  Gramercy Ins. Co. v. Arcadia Fin. Ltd.,
32 S.W.3d 402, 405B06 (Tex. App.CHouston [14th Dist.] 2000, no pet.).  However, all of the cases relied upon by
appellee concern bond requirements of Texas and federal law.[2]  Appellant does not cite to any authority
standing for the proposition that a foreign statute becomes part of a bond when
construed by Texas courts.  This
distinction, however, is ultimately inconsequential, because we nevertheless
find that the law of the State of Mississippi controls, as the parties
incorporated its statutes into the bond by reference.  Owen v. Hendricks, 433 S.W.2d 164, 166
(Tex. 1968).  The liability of a surety is
determined by the language of the bond, and the bond in this case specifically
states that the Mississippi statutory provisions will trigger the liability of
the surety.  See Howze v. Sur. Corp.
of Am., 584 S.W.2d 263, 266 (Tex.1979); Augusta Court Co‑Owners=
Ass=n v. Levin, Roth & Kasner,
971 S.W.2d 119, 123 (Tex. App.CHouston [14th Dist.] 1998, pet. denied).  Thus, whether the bond is statutory and
incorporates Mississippi law or whether the parties specifically incorporated
its law by reference, the law of that state governs our interpretation of the
bond.

Having
found that Mississippi law controls, we now determine its application under the
facts of this case.  The Mississippi Code
provides that:

(2)
Every licensed dealer as defined in this chapter, shall be a designated agent
of the State Tax Commission. Such dealers may perform their duties under this
chapter either personally or through any of their officers or employees. Such
dealers or persons shall enter into a bond with a surety company authorized to
do business in this state as surety thereon, payable to the State of
Mississippi in a sum to be determined by the commission, but in no case to be
less than Fifteen Thousand Dollars ($15,000.00), conditioned for the faithful
performance of their duties under this chapter. 
SEC. 63‑21‑13.[3]









 

The
Mississippi Supreme Court has noted that the surety will not be held liable
unless the dealer fails to perform its statutory obligations as designated
agent of the Tax Commission.  McBride
v. Aetna Cas. & Sur. Co., 583 So.2d 974, 975 (Miss. 1991).  Addressing the scope of the statutory duties
of the motor vehicle dealer, the court found that the surety executing a
Mississippi bond makes itself liable to any member of the public to the extent
of the amount of the bond for damages resulting from failure of the dealer to
furnish a buyer of a car with a clear title to the vehicle.  Id; see also Woodson v. Tom Brooks
Auto Sales, Inc. & John Deere Ins. Co., No. 96-CA-00699-COA, 1998 Miss.
App. LEXIS 638, at *9 (Miss. Ct. App. Aug. 4, 1998) (not designated for publication)
(noting that only when a dealer fails to furnish clear title to the buyer of a
car does the surety=s liability arise).

Thus,
according to the Mississippi Supreme Court=s jurisprudence, the fraud of a dealer in obtaining the vehicle
does not trigger the surety=s duty to perform under the obligations of the bond.  As designated agent of the Tax Commission, a
Mississippi motor vehicle dealer does not have a statutory obligation under the
Mississippi Motor Vehicle Title Law to refrain from the type of conduct at
issue in the underlying suit.

THE
ATTORNEY=S FEES CLAIM

Invoking
the provisions of the Civil Practices and Remedies Code, appellant requested
summary judgment in his favor on the issue of reasonable attorney=s
fees.  See Tex. Civ. Prac. & Rem. Code Ann. '
10.002(a)(8) (noting that a person may recover reasonable attorney=s
fees from an individual or corporation, in addition to the amount of a valid
claim and costs, if the claim is for an oral or written contract).  Having found that summary judgment is proper
on the bond claim, we overrule appellant=s point of error on the accompanying attorneys fees issue.








CONCLUSION

For
the foregoing reasons, the judgment of the trial court is affirmed.

 

 

 

 

/s/        Eva
M. Guzman

Justice

 

Judgment rendered and Memorandum Opinion
filed January 30, 2003.

Panel consists of Justices Edelman,
Seymore, and Guzman.

 

 











[1]  In an envelope
draft, the selling dealer places the title and other documents in an envelope
and deposits them with his bank which forwards the envelope and its contents to
the purchasing dealer=s bank.  The
purchasing dealer verifies the accuracy and completeness of the documents and
then orders its bank to pay the selling dealer for the draft.  EZ Auto, L.L.C. v. H.M. Jr. Auto Sales,
No. 04‑01‑00820‑CV, available at 2002 WL 1758315, *1 (Tex.
App.CSan Antonio 2002, no pet h.) (not designated for
publication)





[2]  Geters v.
Eagle Ins. Co., 834 S.W.2d 49, 50 (Tex. 1992) (involving declaratory
judgment action brought to determine maximum liability on bond required by the
Texas Motor Vehicle Dealer=s Bond Statute); Howze v. Sur. Corp. of America,
584 S.W.2d 263, 266 (Tex. 1979) (involving bond required by the Texas Mobile
Homes Standards Act); Fid. & Deposit Co. of Maryland v. Wellington
Trade, Inc., 640 S.W.2d 698, 700 (Tex. App.CHouston
[14th Dist.] 1982. no writ) (involving bond limiting liability of surety to
those for whom principal acted as a freight forwarder as defined in Shipping
Act, 1916, '' 1, 44(c), 46 U.S.C.A. ''
801, 841b(c)).





[3]  Under Texas
Law, motor vehicle dealers are  required
by statute to obtain a $25,000 surety bond from an approved surety to
guarantee: (1) its payment of all valid bank drafts drawn by it to buy motor
vehicles; and (2) the delivery of good title for all motor vehicles sold by
it.  See TEX. TRANS. CODE ANN. ' 503.033 (Vernon 1999).