**MOUNT VERNON FIRE INSURANCE COMPANY, Plaintiff,**

v.

**ROMA CONSTRUCTION CORPORATION,**
**Defendant.**

**No. 95–CV–0628(JRB).**

United States District Court,
E.D. New York.

March 25, 1996.

Ann Teresa McIntyre, Bergadano, Zichello & McIntyre, L.L.P., New York City, for Mount Vernon Fire Insurance Company.

Howard Blum, Rivelis, Pawa & Blum, L.L.P., New York City, for Roma Construction Corp.

*MEMORANDUM–DECISION*
*AND ORDER*

BARTELS, District Judge.

Plaintiff Mount Vernon Fire Insurance Company, ("Mount Vernon") seeks summary

judgment pursuant to Rule 56(c) in this declaratory judgment action against defendant Roma Construction Corporation ("Roma"). Although Roma appeared through its attorney in this action it fails to oppose the instant motion. This Court has jurisdiction in the instant action brought under 28 U.S.C. §§ 1332, 2201 and 2202. For the reasons set forth below, Mount Vernon's summary judgment motion is granted and its application for costs and disbursements is denied.

## BACKGROUND

Mount Vernon alleges the following facts in its complaint and motion papers. Mount Vernon, a Pennsylvania insurance company issued commercial general liability policy number CL2026345 for the period July 15, 1993 to July 15, 1994 to Roma, a New York construction corporation (the "Policy"). In August of 1993 Morris and Celly Yedid of Brooklyn retained Roma to perform renovation work at their Brooklyn home, and Roma subcontracted with South Marlboro Roofing & Sheet Metal, Inc. ("South Marlboro") to perform the roofing portion of that work. During the course of the roofing work, Edgar Galindo, an employee of South Marlboro sustained personal injuries and subsequently brought an action entitled *Galindo v. Yedid* in New York State Supreme Court, Kings County, index number 45519–93, against the Yedids ("the underlying action"). The Yedids then brought Roma into the underlying action as a third party defendant and Roma tendered the defense of the underlying action to Mount Vernon pending the outcome of the instant declaratory judgment action.

Mount Vernon contends that South Marlboro was an independent contractor under the terms of the Policy and that the Policy excludes personal injury to such independent contractors and their employees and thus disclaims coverage in the underlying action.

Additionally, Mount Vernon asserts that notice of the accident was not given in compliance with the "as soon as practicable" terms of the Policy because it did not receive notice of the September 1993 accident until December 1994.

Mount Vernon now seeks summary judgment in this declaratory judgment action that it is neither obligated to defend or indemnify Roma in the underlying action, nor is it obligated to pay any damages awarded against Roma in the underlying action. Mount Vernon also seeks costs and disbursements in this action.

## DISCUSSION

Both Rule 56(e) [1] of the Federal Rules of Civil Procedure ("Rule") and Rule 3(b) [2] of the Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rule") authorize the Court to grant Mount Vernon's motion on the basis of Roma's failure to oppose the motion. *See Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir.1996); *Federal Trade Commission v. Metropolitan Communications, Corp.*, No. 94 Civ. 0142, 1995 WL 540050 at *1 (S.D.N.Y. Sept. 11, 1995). The Court, however, will address the merits of the motion nevertheless. For the reasons set forth below, Mount Vernon's summary judgment motion is granted and its application for costs and disbursements is denied.

A motion for summary judgment may be granted only when "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553–4, 91 L.Ed.2d 265 (1986); *Donahue v. Windsor Locks Bd. of Fire Comm'rs*, 834 F.2d 54, 57 (2nd Cir.1987); *Winant v. Carefree Pools*, 709 F.Supp 57, 59 (E.D.N.Y.) *aff'd*

---

**1.** Rule 56(e) provides, in pertinent part, that "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. *If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.*" (emphasis added).

**2.** Rule 3(b) provides, in pertinent part, that "The opposing party shall serve and file with the papers in opposition to the motion [ ] an answering memorandum [of law].... *Failure to comply may be deemed sufficient cause for . . . the granting of the motion by default.*" (emphasis added).

891 F.2d 278 (2nd Cir.1989). The burden rests with the movant to clearly establish the absence of a genuine issue as to any material fact. *Donahue*, 834 F.2d at 57. The trial court, however, must resolve all ambiguities and draw all inferences against the moving party. *Donahue*, 834 F.2d at 57; *Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 249 (2nd Cir.1985) *cert. denied*, 484 U.S. 918, 108 S.Ct. 269, 98 L.Ed.2d 226 (1987).

■ Applying this standard to Mount Vernon's first contention, namely that the Policy specifically excludes independent contractors subcontracting to do work for Roma, the Court finds support for this claim on the face of the Policy. In pertinent part, Endorsement L278 of the Policy reads as follows:

### INDEPENDENT CONTRACTORS EXCLUSION

It is agreed that this policy shall not apply to Bodily Injury, Personal Injury or Property Damage arising out of operations performed for any insured by independent contractors or acts or omissions of any insured in connection with his general supervision of such operations.

That South Marlboro was Roma's independent roofing contractor is borne out by the statements made by Frank Direda, president of Roma, to Mount Vernon's agent [3] on January 11, 1995 as well as his deposition on August 24, 1995.

Mr. Direda states:

Roma Construction was the [general contractor] at the [Yedid] job site.... Roma was contracted to renovate the [Yedid house]. This contract was with the owners of the house, Mr. & Mrs. Morris Yedid. Roma subcontracted the roofing work to be done at the [Yedid house] by contract agreement with South Marlboro Roofing. I have furnished you with a copy of the proposal & South Marlboro Roofing certificate of insurance. (Quinn Aff. Ex. D at 3).

Mr. Direda adds, "To the best of my knowledge, the plaintiff [in the underlying action, Edgar Galindo] who I have no personal prior knowledge of is an employee of South Marlboro Roofing." (Quinn Aff. Ex. D at 7). Further, in his deposition, Mr. Direda again indicates that South Marlboro subcontracted the roofing work from Roma, (McIntyre Aff. Ex. A at 7–10), and provided the roofing subcontract to Mount Vernon at the deposition. (McIntyre Aff. Ex. B).

These uncontroverted statements of Roma's president, in conjunction with the Policy and the roofing subcontract, leave no ambiguity that South Marlboro was an independent contractor of Roma, and that the Policy does not cover injuries to employees of such an independent contractor. As Roma had ample opportunity to challenge the interpretation of this clause as well as Mr. Direda's statements by opposing Mount Vernon's motion yet declined to do so, the Court finds that Mount Vernon has sustained its burden of establishing the lack of a genuine issue regarding any material fact and that summary judgment is thus appropriate under Rule 56.

Because the Court concludes that Roma is not entitled to coverage under the Policy, it is unnecessary to address the merits of the second of Mount Vernon's contentions, namely that Roma failed to give timely notice and that this is a material breach of their duties under the Policy.

### CONCLUSION

For the reasons discussed above, after fully reviewing all submissions in this matter, the Court finds that summary judgment is appropriate and thus hereby GRANTS Mount Vernon's motion for summary judgment in this declaratory judgment action under Rule 56, Local Rule 3(b), and the merits of the argument regarding South Marlboro's status as an independent contractor. Mount Vernon is neither obligated to defend or indemnify Roma in the underlying action, nor is it obligated to pay any damages awarded against Roma in the underlying action.

---

**3.** Mr. Direda's deposition indicates that these statements were made to Mount Vernon's investigator who wrote down what Mr. Direda said. Mr. Direda then read and signed the handwritten statements which were subsequently typed. (McIntyre Aff. Ex. A at 17).

Because Mount Vernon offers no support for its application for costs and disbursements, the Court hereby DENIES Mount Vernon's application for costs and disbursements.

**SO ORDERED.**