**GENERAL AGENTS INSURANCE COMPANY, Appellant,**

v.

**Robert C. ARREDONDO, Individually and d/b/a United Erectors, Appellee.**

**No. 04–00–00052–CV.**

Court of Appeals of Texas, San Antonio.

April 4, 2001.

Rehearing Overruled May 1, 2001.

---

Beth D. Bradley, Ellen Van Meir, Thompson, Coe, Cousins & Irons, Dallas, for Appellant.

David P. Benjamin, O'Connell, Benjamin & Coghlan, San Antonio, for Appellee.

Sitting: TOM RICKHOFF, Justice, CATHERINE STONE, Justice, SARAH B. DUNCAN, Justice.

## OPINION

SARAH B. DUNCAN, Justice.

General Agents Insurance Company of America appeals the summary judgment declaring it owes a duty to defend and indemnify Robert C. Arredondo in a lawsuit filed by Rafael Saenz. We reverse this aspect of the trial court's judgment, because Saenz' claim is not covered by the GAINSCO policy. In light of this holding, we also reverse the trial court's award of attorney's fees to Arredondo and remand this claim to the trial court for further consideration in light of this opinion.

### FACTUAL AND PROCEDURAL BACKGROUND

This is a declaratory judgment action to determine coverage for a personal injury lawsuit under a commercial general liability policy issued by General Agents Insurance Company of America (GAINSCO) to Robert C. Arredondo d/b/a United Erectors. The material facts are undisputed.

On August 26, 1994, Rafael Saenz was seriously injured when he was knocked off a building by a crane operated by Robert V. Arredondo. At the time of the accident, both Saenz and Arredondo were employees of Agency Services, which subcontracted with United Erectors, a sole proprietorship operated by Arredondo's son, Robert C. Arredondo (also an employee of Agency Services). All of United Erectors' construction was done through employees of its subcontractor, Agency Services. Because United Erectors had no employees, it was not required to and did not obtain workers' compensation insurance.

Although Robert C. Arredondo was aware of the subcontract with Agency Services, his insurance application to GAINSCO stated United Erectors did not use any contractors or subcontractors. In reliance upon this representation, GAINSCO issued to Robert C. Arredondo d/b/a United Erectors a general commercial liability policy containing the following exclusion:

### EXCLUSION—CONTRACTORS AND SUBCONTRACTORS

This insurance does not apply to and no duty to defend is provided by us for

"bodily injury", "property damage", "personal injury" or "advertising injury" arising out of:

a. operations performed directly or indirectly for any insured by contractors or subcontractors; or

b. acts or omissions in connection with the general supervision of a. above.

In May 1996, Saenz filed a negligence suit against the general contractor on the project, David & David Construction; Robert C. Arredondo, individually and d/b/a United Erectors; and Robert V. Arredondo, individually and d/b/a Metro Erectors. GAINSCO defended the Arredondos in the Saenz suit pursuant to a reservation of rights letter. However, in August of 1998, GAINSCO filed a declaratory judgment action seeking to establish it did not owe the Arredondos a duty to defend or indemnify them in Saenz' suit.

Shortly before the Saenz trial, Saenz nonsuited his claims against Robert V. Arredondo, thus mooting GAINSCO's claims against Robert V. Arredondo and Metro Erectors in the declaratory judgment action. Shortly thereafter, Robert C. Arredondo counterclaimed for a declaratory judgment to establish GAINSCO owed him a duty to defend and indemnify him in Saenz' suit. Arredondo also sought his attorney's fees in the declaratory judgment action.

Immediately before trial in Saenz' suit, Saenz filed his Second Amended Petition. In this petition, Saenz' sole allegation against Robert C. Arredondo was that he was negligent in failing to provide safety equipment. The jury found Robert C. Arredondo 75% negligent and Saenz 25% negligent. The trial court rendered judgment against Robert C. Arredondo for an amount in excess of $300,000.

In GAINSCO's declaratory judgment action, both parties moved for summary judgment. In its motion, GAINSCO argued, among other things, that the contractors and subcontractors exclusion unambiguously excluded coverage for Saenz' injuries because they arose out of the operations of a subcontractor, Agency Services. In response, Arredondo argued the exclusion was ambiguous on its face and as applied because Saenz' injuries were not caused by the operations of a subcontractor but by the insured Robert C. Arredondo's negligence in failing to provide safety equipment. Alternatively, Arredondo argued coverage was mandated because Saenz' injuries were caused by the concurrent negligence of a subcontractor and a named insured. The trial court denied GAINSCO's motion and granted Arredondo's, awarding him indemnity in the Saenz suit and his attorney's fees in the declaratory judgment action.

### STANDARD OF REVIEW

We review a summary judgment *de novo. See Sasser v. Dantex Oil & Gas, Inc.*, 906 S.W.2d 599, 602 (Tex.App.—San Antonio 1995, writ denied). Under Rule 166a(c), summary judgment is proper when the summary judgment record establishes there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law on a ground set forth in the motion. *See* TEX.R.CIV.P. 166a(c); *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985). The evidence must be viewed in the light most favorable to the nonmoving party and all contrary evidence and inferences must be disregarded. *Nixon*, 690 S.W.2d at 548–49.

"When both sides move for summary judgment and the trial court grants one motion and denies the other, the reviewing court should review both sides' summary judgment evidence and determine all questions presented ... ren-

der[ing] the judgment that the trial court should have rendered." *FM Properties Operating Co. v. City of Austin,* 22 S.W.3d 868, 872 (Tex.2000). "When a trial court's order granting summary judgment does not specify the grounds relied upon, the reviewing court must affirm summary judgment if any of the summary judgment grounds are meritorious." *Id.*

### APPLICABLE LAW

The general rules of contract construction govern insurance policy interpretation. *State Farm Life Ins. Co. v. Beaston,* 907 S.W.2d 430, 433 (Tex.1995). "Whether a contract is ambiguous is a question of law that must be decided by examining the contract as a whole in light of the circumstances present when the contract was entered." *Columbia Gas Transmission Corp. v. New Ulm Gas, Ltd.,* 940 S.W.2d 587, 589 (Tex.1996). A contract is unambiguous as a matter of law "if it can be given a definite or certain meaning." *Id.* Conversely, if an insurance contract is subject to more than one reasonable interpretation, the contract is ambiguous and the interpretation that most favors coverage for the insured will be adopted. *Kelly Assocs., Ltd. v. Aetna Cas. & Sur. Co.,* 681 S.W.2d 593, 596 (Tex.1984). However, an ambiguity does not arise simply because the parties advance conflicting interpretations of the contract. *Columbia Gas,* 940 S.W.2d at 589. Further, the presence of conflicting judicial decisions is insufficient, as a matter of law, to create an ambiguity. *Gulf Metals Indus., Inc. v. Chicago Ins. Co.,* 993 S.W.2d 800, 807 (Tex. App.—Austin 1999, pet. denied); *see Grain Dealers Mut. Ins. Co. v. McKee,* 943 S.W.2d 455, 459 (Tex.1997).

### DISCUSSION

It is undisputed that, at the time of Saenz' accident, both he and the Arredon-dos were employees of and performing work for Agency Services, a subcontractor of United Erectors. The summary judgment record also conclusively establishes Saenz' and Robert V. Arredondo's conduct bears a causal relationship to the accident. The jury concluded Saenz was twenty-five percent responsible for the accident; and it undisputed that Robert V. Arredondo was operating the crane that precipitated Saenz' fall. Thus, the parties' only dispute is whether the contractors and subcontractors exclusion unambiguously excludes coverage for personal injuries bearing a causal relationship to a subcontractor's work.

As GAINSCO points out, courts in other jurisdictions have held the contractors and subcontractors exclusion unambiguously excludes coverage for independent contractors' and subcontractors' employees' injuries. *See Mount Vernon Fire Ins. Co. v. Roma Constr. Corp.,* 952 F.Supp. 129, 131 (E.D.N.Y.1996); *U.S. Underwriters Ins. Co. v. Congregation B'Nai Israel,* 900 F.Supp. 641, 645–46 (E.D.N.Y.1995), *aff'd,* 101 F.3d 685 (2d Cir.1996); *Federal Kemper Ins. Co. v. Jones,* 777 F.Supp. 405, 410 (M.D.Pa.1991). In *Congregation B'Nai Israel,* for instance, the court held injuries sustained by a subcontractor's employee when he fell off a ladder were excluded from coverage by a contractors and subcontractors exclusion that provided:

> It is agreed that this policy shall not apply to Bodily Injury, Personal Injury or Property Damage *arising out of* operations performed for any insured by independent contractors or acts or omissions of any insured in connection with his general supervision of such operations.

*Congregation B'Nai Israel,* 900 F.Supp. at 643 (quoting exclusion) (emphasis added); *id.* at 645 ("the exclusion clause seems clearly intended to apply to precisely this type of claim"). Similarly, in construing

the identical exclusion in *Roma Construction*, the court held the injuries sustained by a roofing subcontractor's employee were unambiguously excluded from coverage. *Roma Construction*, 952 F.Supp. at 131.

Arredondo distinguishes these cases, however. He argues none involves an injury arising out of the operations of both the insured and a subcontractor or independent contractor, while in this case Robert C. Arredondo's negligence in failing to provide safety equipment combined with Robert V. Arredondo's negligence in operating the crane.[2] In these circumstances, Arredondo argues, coverage is mandated. In support of his argument, Arredondo relies upon *Gulf Portland Cement Co. v. Globe Indem. Co.*, 149 F.2d 196 (5th Cir.), *cert. denied*, 326 U.S. 743, 66 S.Ct. 56, 90 L.Ed. 444 (1945), in which the Fifth Circuit held that the contractors and subcontractors exclusion at issue there did not exclude coverage "in instances where the Insured's operations, or negligence, concur with the work or negligence of an independent contractor to produce an injury." *Id.* at 196–98. We decline to follow *Gulf Portland* here for three interrelated reasons.

The first and most important of these reasons is that the language of the contractors and subcontractors exclusion in *Gulf Portland* excluded coverage for "bodily injuries or death *caused by:* \* \* \* (d) work done for the Insured by any independent contractor or sub-contractor." *Id.* at 197 (emphasis added). Thus, the court's inquiry focused on the cause of the independent contractor's employee's injuries. *Id.* at 198. Here, on the other hand, as in the cases cited by GAINSCO, the contractors and subcontractors exclusion excludes coverage for injuries "*arising out of*" a contractor's or subcontractor's opera-

tions. For injuries to "arise out of" a contractor's or subcontractor's operations, they need not be caused by an act of the contractor or subcontractor; all that is required is a causal connection. *Cf. Mid-Century Ins. Co. v. Lindsey*, 997 S.W.2d 153, 156–57 (Tex.1999) ("For liability to 'arise out of' the use of a motor vehicle, a causal connection or relation must exist between the accident or injury and the use of the motor vehicle."); *Admiral Ins. Co. v. Trident NGL, Inc.*, 988 S.W.2d 451, 454–55 (Tex.App.—Houston [1st Dist.] 1999, pet. denied) (holding "arising out of" in the context of an "additional insured" endorsement does not require that named insured's act caused accident). Indeed, in more recent cases, the Fifth Circuit has recognized that the phrase "arising out of" is "understood to mean 'originating from,' having its origin in,' 'growing out of' or 'flowing from.'" *American States Ins. Co. v. Bailey*, 133 F.3d 363, 370 (5th Cir.1998) (quoting *Red Ball Motor Freight, Inc. v. Employers Mut. Liab. Ins. Co.*, 189 F.2d 374, 378 (5th Cir.1951)). Thus, "a claim need only bear an 'incidental relationship' to the excluded injury for the policy's exclusion to apply." *Bailey*, 133 F.3d at 370 (quoting *Continental Cas. Co. v. Richmond*, 763 F.2d 1076, 1080–81 (9th Cir. 1985)).

Moreover, it is abundantly clear the GAINSCO policy was intended to exclude coverage for injuries caused, at least in part, by the insured's negligence. Thus, the contractors and subcontractors exclusion was not limited to injuries arising out of the operations of the contractor or subcontractor; it also excluded coverage for injuries arising out of "acts or omissions in connection with the general supervision of [operations performed directly or indirect-

---

**2.** Contrary to Arredondo's assertion, the insured in *Federal Kemper* was alleged to have been negligent. *See Federal Kemper,* 777 F.Supp. at 405.

ly for any insured by contractors or sub-contractors]."

We recognize Arredondo's argument that our interpretation of the exclusion will result in a total denial of coverage since all of Arredondo's and United Erectors' work was done by independent contractors and subcontractors. However, this is a state of affairs occasioned not by any inherent flaw in the exclusion but by Arredondo's decision to obtain a liability policy containing the exclusion but conduct all of United Erectors' work through a subcontractor.

## CONCLUSION

▇ For these reasons, we hold the contractors and subcontractors exclusion in the GAINSCO policy unambiguously excludes personal injuries to a subcontractor's employee when the injuries bear some causal relationship to the subcontractor's operations, regardless of whether the named insured's negligence also contributed to the injuries. We therefore reverse this aspect of the trial court's summary judgment and render judgment in favor of GAINSCO that it does not owe the Arredondos a duty to defend or indemnify them in the Saenz lawsuit. In light of our holding, we also reverse the award of attorney's fees to Arredondo and remand that claim to the trial court so it may determine the "costs and reasonable and necessary attorney's fees as are equitable and just." TEX.CIV.PRAC. & REM.CODE ANN. § 37.009 (Vernon 1997).