TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-08-00669-CV






The State of Texas, Appellant


v.


Alfredo Montano, Jr. a/k/a Fred Montano, Jr., Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT

NO. D-1-GV-07-000021, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING





O P I N I O N


 The Texas Ethics Commission (the "TEC") assessed civil penalties against appellee
Alfredo Montano, Jr. for his failure to timely file certain financial disclosure and campaign finance
reports required from candidates for political office. (1) Montano did not pay the assessed penalties. 
On January 5, 2007, the State filed suit against Montano to recover the penalties. See Tex. Gov't
Code Ann. § 571.171(a) (West 2004) (TEC "may initiate civil enforcement actions"); Tex. Elec.
Code Ann. § 251.004(b) (West 2010) (venue in Travis County). The State alleged that Montano was
liable for $21,000 in penalties as a result of his failure to timely file four required reports. Following
a bench trial, on October 1, 2008, the district court entered a take-nothing judgment against the State. 
The State asserts four points on appeal. We affirm in part, reverse and render in part, and reverse
and remand in part.

Late Reports

 The district court concluded that the TEC had failed to comply with its statutory
notice requirements with respect to three of the required reports and, therefore, the assessed penalties
applicable to those reports could not be enforced. In its first point on appeal, the State argues that
the evidence is legally insufficient to support the district court's conclusion. (2) In reviewing a
legal sufficiency challenge, we review the evidence in the light most favorable to the judgment,
crediting favorable evidence if reasonable jurors could and disregarding contrary evidence unless
reasonable jurors could not. City of Keller v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005). We will
sustain the State's point on appeal based on legal sufficiency only if the evidence conclusively
establishes, as a matter of law, that the penalties could not be waived for failure to give notice. See
Dow Chem. Co. v. Francis, 46 S.W.3d 237, 241 (Tex. 2001). The test is whether the evidence at
trial would enable reasonable and fair-minded people to reach the judgment under review. Wilson,
168 S.W.3d at 827.

 Montano had an opponent on the ballot in the primary election and, therefore, was
required to file a particular report not later than the 30th day before election day (the "30-Day
Report"). See Tex. Elec. Code Ann. § 254.064(b) (West 2010). Montano filed the 30-Day Report
on February 28, 2006, which was after the February 6, 2006 deadline. Under the election code, if the
30-Day Report is late, "the person required to file the report is liable to the state for a civil penalty
of $500." Id. § 254.042(b) (West 2010).

 The $500 penalty is not contingent on notice. Instead, under election code
section 254.042, the TEC's determination that the 30-Day Report is late has two independent
consequences: (1) the TEC must "immediately" mail a notice of the determination to the person
required to file the report, see id. § 254.042(a); and (2) the person required to file the report is liable
to the State for a civil penalty of $500, see id. § 254.042(b). Provision of the notice of determination
of penalty is not a prerequisite to a penalty for a late-filed 30-Day Report. The requirement to file
a 30-Day Report is statutory, and the deadline for filing the report is statutory. The statute is the
notice of both the requirement and the deadline. Missing the statutory deadline implicates a statutory
penalty. The fact that the TEC is required to send notice of a determination that a penalty will be
imposed does not affect the fact that filers are statutorily on notice of the requirement to file, the
deadline for filing, and the penalties for late filing.

 Under the government code, Montano was also required to file a personal financial
statement not later than the 40th day after the date of the regular filing deadline for an application
for a place on the ballot in the general primary election. See Tex. Gov't Code Ann. § 572.021
(West Supp. 2009), § 572.027(a) (West 2004). Montano failed to file the personal financial
statement by the February 13, 2006 deadline. As a result, Montano was "liable to the state for a
civil penalty of $500." Id. § 572.033(b) (West 2004); see also 1 Tex. Admin. Code § 18.13(a)
(2010) (Tex. Ethics Comm'n, Fine for a Late Report).

 As with the 30-Day Report, the $500 penalty with respect to the personal financial
statement is not contingent on notice. Instead, under government code section 572.033, the TEC's
determination that the personal financial statement is late has two independent consequences: (1) the
TEC must "immediately" mail a notice of the determination to the person responsible for filing
the report and to the appropriate attorney for the State, see Tex. Gov't Code Ann. § 572.033(a);
and (2) the person responsible for filing the report is liable to the State for a civil penalty of $500,
see id. § 572.033(b); 1 Tex. Admin. Code § 18.13(a). As with the 30-Day Report, provision of
the notice of determination of penalty is not a prerequisite to a penalty for a late-filed personal
financial statement.

 As a candidate, Montano was also required to file two additional reports for each year
(the "Semiannual Report"). See Tex. Elec. Code Ann. § 254.063(a) (West 2010). The Semiannual
Report that was due on July 17, 2006, see id. § 254.063(b), was the first such report required to
be filed following the primary election. Unlike with the 30-Day Report and the personal financial
statement, the penalty for late filing of such Semiannual Report is not a flat $500 penalty. Instead,
the applicable penalty is $500 for the first day the report is late and $100 for each day thereafter
that the report is late, up to a maximum fine of $10,000. 1 Tex. Admin. Code § 18.13(c); see
Tex. Elec. Code Ann. § 254.042(b). (3) The Semiannual Report in this case was due on July 17, 2006,
and Montano had not filed the report by November 2006. Thus, the potential statutory penalty
was $10,000.

 The penalty with respect to the first Semiannual Report required to be filed following
the primary election is not contingent on notice. Under election code section 254.042, the TEC's
determination that such a Semiannual Report is late has two independent consequences: (1) the TEC
must "immediately" mail a notice of the determination to the person required to file the report, see
Tex. Elec. Code Ann. § 254.042(a); and (2) the person required to file the report is liable to the State
for a civil penalty of $500 for the first day the report is late and $100 for each day thereafter that the
report is late, see id. § 254.042(b); 1 Tex. Admin. Code § 18.13(c). As with the other filings at issue,
provision of the notice of determination of penalty is not a prerequisite to a penalty for a late-filed
Semiannual Report. (4)

 We hold that the statutory penalties applicable to Montano's late filing of the 30-Day
Report, the personal financial statement, and the Semiannual Report were not contingent on
the TEC's provision of notice under election code section 254.042(a) or government code
section 572.033(a). (5) Therefore, even if the TEC failed to comply with those statutory notice
requirements, the district court erred in declining to enforce the statutory penalties with respect to
the 30-Day Report, the personal financial statement, and the Semiannual Report.

Corrected Report

 The remaining report at issue in this case is the report Montano was required to
file not later than the 8th day before election day (the "8-Day Report"). See Tex. Elec. Code Ann.
§ 254.064(c). In its third point on appeal, the State asserts that the evidence is legally insufficient
to support the district court's failure to enforce the penalty assessed with respect to the late filing of
the 8-Day Report. We review the evidence in the light most favorable to the judgment, crediting
favorable evidence if reasonable jurors could and disregarding contrary evidence unless reasonable
jurors could not. Wilson, 168 S.W.3d at 827. The test is whether the evidence at trial would enable
reasonable and fair-minded people to reach the judgment under review. Id. Where the appellant
has the burden of proof on an issue, we will sustain the appellant's point on appeal only if the
evidence establishes, as a matter of law, all vital facts in support of the issue. See Dow Chem. Co.,
46 S.W.3d at 241.

 Unlike with the other three reports, Montano filed the 8-Day Report by its
February 27, 2006 deadline. However, on January 2, 2007, an additional 8-Day Report was
filed that, according to the TEC, "appeared" to be a correction to Montano's original filing. For a
corrected 8-Day Report not to be considered late, "an affidavit stating that the error or omission in
the original report was made in good faith" must be filed. Tex. Gov't Code Ann. § 571.0771(c)(3)
(West Supp. 2009); 1 Tex. Admin. Code § 18.9(d) (2009) (Tex. Ethics Comm'n, Corrected Reports). 
Despite the TEC's sending Montano a letter stating that the affidavit was required to avoid any late-filing penalties, Montano did not file a correction affidavit. Consequently, the TEC treated the
8-Day Report as if it had been originally filed on January 2, 2007, and imposed a late penalty of
$10,000. See Tex. Elec. Code Ann. § 254.042(b); 1 Tex. Admin. Code § 18.13(b).

 The State contends that the uncontroverted evidence establishes that no affidavit
of correction was filed with the TEC in connection with the January 2, 2007 filing. However, the
requirement that a correction affidavit be filed does not apply unless "the report as originally filed
is inaccurate or incomplete." See Tex. Gov't Code Ann. § 571.0771(c)(3). Montano testified that
the 8-Day Report, as originally filed, was not inaccurate or incomplete. Instead, according to
Montano, the January 2, 2007 filing was a mistake. Robbie Douglas, the senior analyst with the
disclosure filings division at the TEC, testifying for the State, acknowledged that it was possible
that the January 2, 2007 filing, which was done electronically, was "an inadvertent effort made to
file another report or change something else." There was no evidence that the originally filed 8-Day
Report was inaccurate or that any change made to the 8-Day Report in the January 2, 2007 filing was
something other than a mistake as Montano testified. We conclude that the evidence at trial would
enable reasonable and fair-minded people to conclude that the 8-Day Report as originally filed was
not inaccurate or incomplete and, therefore, that no penalty should be assessed with respect to the
8-Day Report. (6) Therefore, the evidence was legally sufficient to support the district court's ruling
that the $10,000 penalty assessed in connection with Montano's 8-Day Report not be enforced.

Attorneys' Fees

 In its fourth point on appeal, the State asserts that the district court erred in
denying the State's request for attorneys' fees. Under government code section 2107.006, the
attorney general in this type of case "may recover reasonable attorney fees, investigative costs, and
court costs incurred on behalf of the state in the proceeding in the same manner as provided
by general law for a private litigant." Id. § 2107.006 (West 2008). The district court found that
the State had "submitted uncontroverted evidence of attorney's fees in the amount of $3,950.00,"
but the district court did not award attorneys' fees to the State.

 Section 2107.006 provides only that the attorney general "may" recover its attorneys'
fees. See id. We believe an award of attorneys' fees would fall within the district court's discretion. 
The district court's ruling on attorneys' fees may have depended, at least in part, (7) on its ruling
that the State could not recover any penalties, and we have concluded the district court's ruling was
error as to three of the four penalties assessed. Therefore, the question of whether attorneys' fees
should be awarded should be reconsidered by the district court due to the change in the result. See
Tex. R. App. P. 44.1(b); Kendziorski v. Saunders, 191 S.W.3d 395, 410-11 (Tex. App.--Austin
2006, no pet.); Texas Health Care Info. Council v. Seton Health Plan, 94 S.W.3d 841, 854
(Tex. App.--Austin 2002, pet. denied). Nonetheless, we note that whether any award of fees should
be made will be in the discretion of the district court.

Conclusion

 We affirm the judgment of the district court that the penalty assessed by the TEC
against Montano based on his January 2, 2007 filing of an amended 8-Day Report not be enforced. 
We reverse the remainder of the judgment of the district court. We render judgment that the State
recover from Montano the sum of $11,000, representing administrative penalties assessed by the
TEC for Montano's failure to timely file the 30-Day Report, the personal financial statement, and
the Semiannual Report. We remand the case to the district court for reconsideration of the issue of
whether there should be any award of attorneys' fees to the State.



 __________________________________________

 G. Alan Waldrop, Justice

Before Chief Justice Jones, Justices Pemberton and Waldrop

Affirmed in part; Reversed and Rendered in part; Reversed and Remanded in part

Filed: May 14, 2010
1. Montano unsuccessfully ran in 2006 for state representative of House District 38.
2. In its findings of fact and conclusions of law, the district court included other bases
to support its judgment in addition to lack of statutorily required notice. First, the district court
concluded that the State did not adequately provide Montano notice "as required by Due Process
under the 14th Amendment." However, Montano admitted to actual notice of the requirements
to file reports (in some manner) and actual notice that at least certain reports were late. Montano
testified regarding his attempts, in response, to file the three reports. Next, the district court
concluded that it could apply a "reasonable compliance standard." However, there is no
legal authority--statutory or otherwise--for the application of such a standard. Finally, the
district court concluded that it had discretion under title 1, section 18.23 of the Texas Administrative
Code to waive late fines if the report was filed late due to a filer's medical emergency or condition. 
See 1 Tex. Admin. Code § 18.23(a)(1) (2010) (Tex. Ethics Comm'n, Administrative Waiver of
Fine); see also Tex. Gov't Code Ann. § 571.1731 (West 2004). However, even if section 18.23
could be construed to grant the court such discretion, see 1 Tex. Admin. Code § 18.23(b) ("in the
executive director's discretion"), the filer is required to first submit an affidavit, see id. § 18.23(a). 
There is nothing in the record to indicate that Montano filed any affidavit that might trigger the
potential application of section 18.23.
3. We note that election code section 254.042(b) also provides that if a report is more than
30 days late, the TEC shall issue a "warning of liability" by registered mail, and that if the penalty
is not paid before the 10th day after the date on which the warning is received, the person is liable
for a civil penalty in an amount determined by commission rule not to exceed $10,000. Tex. Elec.
Code Ann. § 254.042(b). However, the district court did not base its ruling on the absence of such
a "warning of liability." Moreover, the TEC has not issued any rules setting the amount of a penalty
contingent on the issuance of such a warning. See generally 1 Tex. Admin. Code § 18.13 (2010)
(Tex. Ethics Comm'n, Fine for a Late Report).
4. We note that, given the daily increase in the penalty amount until the report is filed or the
$10,000 maximum is reached, the TEC's failure to provide the required notice could conceivably
be a basis for the TEC to reduce the penalty assessed. See Tex. Gov't Code Ann. § 571.1731(b);
1 Tex. Admin. Code § 18.23(a).
5. Having so concluded, we do not address the State's argument that Montano was required
to file a verified denial to contest the TEC's provision of the statutory notices, or the State's
second point on appeal that the evidence was factually insufficient to support the district court's
judgment regarding the 30-Day Report, the personal financial statement, and the Semiannual Report.
6. The State contends that Montano's position that the correction was a mistake constitutes
an affirmative defense and, therefore, that Montano has the burden of proof on the issue. We do
not decide this issue because even if Montano had the burden of proof, we would conclude that
the evidence was legally sufficient to support the district court's factual findings with respect to
the 8-Day Report. See Merrell Dow Pharms., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997)
(legal sufficiency standard).
7. The district court stated in a finding of fact that the attorneys' fees requested by the State
"would cause Montano further financial hardship."